1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joan G. Uhl, | ) | CV-06-1084-PCT-JAT |
| Plaintiff(s), | ) | |
| v. | ) | **ORDER SETTING FINAL PRETRIAL** |
| | ) | **CONFERENCE** |
| Lake Havasu City, et al., | ) | |
| Defendant(s). | ) | |
| | ) | |

**IT IS ORDERED** setting a Final Pretrial Conference in this case for **April 1, 2010 at 11:00 a.m.**

**IT IS FURTHER ORDERED** that the attorneys (or pro se parties) who will be responsible for the trial of the case shall attend the Final Pretrial Conference (to be held at 401 W. Washington Street, Phoenix, Arizona, Courtroom 503).

**IT IS FURTHER ORDERED** that the attorneys (or pro se parties) who will be responsible for the trial of the case shall:

(1)     Prepare and sign a **joint** Proposed Final Pretrial Order and lodge it with the Court (by electronically filing a notice of lodging with the **joint** Proposed Final Pretrial Order attached) by **March 11, 2010**.

(2)     In addition to lodging a copy of the **joint** Proposed Final Pretrial Order, the parties shall also submit a copy of the **joint** Proposed Final Pretrial Order in a WordPerfect® 9.0

1  compatible format to the chambers' e-mail address.[1]

2  (3)     Finally, the parties shall also submit a paper copy of the **joint** <u>Proposed Final Pretrial</u>

3  <u>Order</u> to chambers within 5 days of filing (as indicated below, all paper copies shall be three-

4  hole punched on the left side of the document).

5       **IT IS FURTHER ORDERED** that the content of the **joint** Proposed Final Pretrial

6  Order shall include, but not be limited to, the content prescribed in the <u>Proposed Final</u>

7  <u>Pretrial Form of Order</u> attached hereto.

8       **IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure

9  37(c), the Court will not allow the parties to offer an exhibit, a witness, or other information

10  that was not: (1) disclosed in accordance with the provisions of this Order; (2) disclosed in

11  accordance with the provisions of the Federal Rules of Civil Procedure; **and** (3) listed in the

12  **joint** Proposed Final Pretrial Order; unless the offering party can show good cause as to why

13  such party failed to comply with these requirements.

14       **IT IS FURTHER ORDERED** that the parties shall exchange drafts of the **joint**

15  Proposed Final Pretrial Order **no later than fourteen (14) days before the submission**

16  **deadline**.

17       **IT IS FURTHER ORDERED** that:

18  (1) the parties shall number exhibits as provided in Attachment #2 ("Exhibits - Marking,

19  Listing and Custody"), and such numbers shall correspond to the numbers of exhibits listed

20  in the **joint** Proposed Final Pretrial Order;

21  (2) **no later than fourteen (14) days before the submission deadline for the joint**

22  **Proposed Final Pretrial Order**, the parties shall meet in person and exchange marked

23  copies of all exhibits to be used at trial; any exhibit not marked and exchanged at this

24

25

26

27       [1] Teilborg_chambers@azd.uscourts.gov

28

1  meeting shall be precluded at trial;[2] and

2  (3) while meeting to exchange exhibits, the parties shall eliminate any duplicate exhibits.[3]

3  **IT IS FURTHER ORDERED** that, if this case shall be tried to a jury, the parties

4  shall file and serve all motions in limine (not to exceed five pages each) no later than

5  **February 25, 2010**.  Each motion in limine shall include the legal basis supporting it.

6  Responses to motions in limine (not to exceed five pages each) are due **March 18, 2010**.

7  **No replies will be permitted**.  The attorneys for all parties (or any pro se parties) shall come

8  to the Final Pretrial Conference prepared to address the merits of all such motions.

9  **IT IS FURTHER ORDERED** that, if this case shall be tried to a jury, the parties

10  shall complete the following tasks by the time of the lodging of the **joint** Proposed Final

11  Pretrial Order:

12  (1) The parties shall file in a separate pleading a **stipulated-to** description of the case

13  to be read to the jury;

14  (2) For purposes of voir dire, the parties shall provide a **joint** master list of the name

15  of every witness who may be called at trial;

16  (3) The parties shall file in a **joint separate** pleading a proposed set of voir dire

17  questions.  The voir dire questions shall be drafted in a neutral manner.  To the extent

18  possible, the parties shall **stipulate to** the proposed voir dire questions.  If the parties have

19  any disagreement about a particular question, the party or parties objecting shall state the

20  reason for their objection below the question.

21  (4) The parties shall file in a **joint separate** pleading a proposed set of jury

22

23

24

———————————

25  [2] If there is any dispute as to the location of this meeting, it shall occur in this Court's
jury room.

26

27  [3] The exhibits do not need to be delivered to court at the final pretrial conference.
They should be marked and given to the courtroom deputy by the morning trial begins.

28

1    instructions.[4]

2        (5) Each party shall file in a **separate** pleading a form of verdict to be given to the

3    jury at the end of the trial.

4        **IT IS FURTHER ORDERED** that, if the case will be tried to a jury, in addition to

5    filing with the Clerk of the Court, the parties shall also submit their **joint** proposed voir dire

6    questions, **stipulated-to** statement of the case, **joint** proposed jury instructions, and **separate**

7    forms of verdict in a WordPerfect® 9.0 compatible format to the chambers' e-mail address.

8        **IT IS FURTHER ORDERED** that, if the case will be tried to the Court, each party

9    shall lodge, in addition to the **joint** Proposed Final Pretrial Order, proposed findings of fact

10   and conclusions of law, by the same date the **joint** Proposed Final Pretrial Order is due.

11   These proposed findings of fact and conclusions of law shall be submitted in both written

12   copy and in a WordPerfect® 9.0 compatible format to the chambers' e-mail address.

13       **IT IS FURTHER ORDERED** that the parties shall keep the Court informed of the

14   possibility of settlement and, should settlement be reached, the parties shall promptly present

15   a Stipulation and Order of Dismissal for signature by the undersigned.  Mere Notice of

16   Settlement or notification by phone or e-mail of settlement shall not suffice to vacate the trial

17   date, nor excuse the parties from being ready and able to proceed with trial at the time and

18   on the date set for trial.

19       **IT IS FURTHER ORDERED** that the Court's paper copy of every document

20   required by this Order shall be **three-hole punched** on the left side of the document.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26

27       [4] See Attachment #1

28                                          - 4 -

1       **IT IS FURTHER ORDERED** that this Court views compliance with the provisions

2  of this Order as critical to its case management responsibilities and the responsibilities of the

3  parties under Rule 1 of the Federal Rules of Civil Procedure.

4       DATED this 28th day of January, 2010.

5

6

7                                           James A. Teilborg
                                            United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                           - 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT #1

The parties shall submit a joint list of proposed jury instructions.  The list shall contain the following sections:

I.      Section I - Preliminary Instructions (before opening statements).  The parties shall list their preliminary instructions in the order in which they propose that such instructions will be read to the jury.  At the top of each instruction, the parties should indicate whether the instruction is stipulated-to or disputed.

If the instruction is disputed, the party proposing the instruction shall include citation to authority to support the requested instruction.  The party opposing the instruction shall state all objections to such instruction immediately following the instruction and the opposing party's authority for such objection.  If the opposing party offers an alternative instruction, such alternative instruction shall immediately follow the opposing party's objection.

II.     Section II. Mid-Trial Instructions (limiting instructions etc.).  The parties shall list all limiting instructions that they propose should be read during the trial.  At the top of each instruction, the parties should indicate whether the instruction is stipulated-to or disputed.  If the instruction is disputed, the party proposing the instruction shall include citation to authority to support the requested instruction.   The party opposing the instruction shall state all objections to such instruction immediately following the instruction and the opposing party's authority for such objection.  If the opposing party offers an alternative instruction, such alternative instruction shall immediately follow the opposing party's objection.

NOTE: During trial it will be the proposing party's responsibility to advise the Court when the party believes the case has reached a point when a mid-trial instruction should be read.

III.    Section III. Final Instructions (after closing arguments).  The parties shall list their final instructions in the order in which they propose that such instructions will be read to the jury.  At the top of each instruction, the parties should indicate whether the instruction is stipulated-to or disputed.  If either party seeks to have any preliminary instruction or mid-trial instruction repeated as part of the final instructions, such party should restate that instruction in this Section III.

If the instruction is disputed, the party proposing the instruction shall include citation to authority to support the requested instruction.  The party opposing the instruction shall state all objections to such instruction immediately following the instruction and the opposing party's authority for such objection.  If the opposing party offers an alternative instruction, such alternative instruction shall immediately follow the opposing party's objection.  Thus, only one instruction on any topic may be submitted, even if such submission is in alternate forms.  The opposing party may NOT submit a new instruction on the topic rather than offer an alternative instruction to the proposing party's

instruction.[5]

- The parties shall include the <u>full text</u> of all instructions - including model and standardized instructions.

- Each proposed instruction shall begin on a new page.

- The parties should note that absent a showing of good cause, the failure to (1) submit a proposed instruction, (2) follow these directions, or (3) make an objection in the format set forth herein by the deadline set forth herein shall result in the instruction being refused or the objection being deemed waived.

---

[5] If the parties cannot agree who should be the proposing party, the default proposing party will always be Plaintiff.

ATTACHMENT #2

# EXHIBITS - MARKING, LISTING AND CUSTODY
for United States District Court Judge
**James A. Teilborg**  (Judge Code 7025)
(revised 11/3/06)

**Marking and listing of exhibits is the responsibility of counsel, not the courtroom deputy, and shall be delivered to the courtroom deputy <u>the day of trial or the day before trial</u>** (not the final pretrial conference) **unless otherwise directed by the deputy clerk.**

Counsel are required to use the exhibit cover sheets and/or adhesive labels as described herein.  **Counsel shall also prepare the exhibit and witness <u>lists</u> (using the Clerk's Office format) and provide the lists to the courtroom deputy in triplicate (1 original and 2 copies), along with the actual exhibits.**

During trial/hearing, please be prepared to advise the courtroom deputy **in advance** which exhibits will be needed for each witness.

If you need a format in which to prepare the exhibit and witness lists, please refer to the district court's website at www.azd.uscourts.gov and access "Judicial Officer Information."

**<u>Counsel are to E-MAIL at least one day prior to trial/hearing a list of medical and technical terms and terms specific to the case to  david_german@azd.uscourts.gov (in Word format) or FAX to chambers at 602-322-7569, Attention: David German.</u>**

<u>USE OF LABELS/COVER SHEET</u>
1.      Exhibit cover sheets and labels are divided by color to indicate whether the exhibit is offered by plaintiff (**YELLOW**) or defendant (**BLUE**).

2.      Exhibit cover sheets are provided to counsel by the courtroom deputy for the purpose of numbering and labeling exhibits PRIOR to trial.  Cover sheets shall be copied on yellow or blue paper and used in cover sheet fashion to identify standard-size paper exhibits.  The cover sheet shall be <u>stapled</u> to the top of the original exhibit, and the exhibit shall be placed in a manilla folder number to correspond with the exhibit number.  Prepare extra cover sheets and provide extra manilla folders to use for exhibits marked during trial.

3.      If the paper exhibit is too large to staple, use a 2-hole ACCO fastener to fasten the exhibit together at the top of the page, with an exhibit cover sheet attached to the front of the exhibit.

4.      If the exhibit is a photograph or item smaller than 8" x 10", STAPLE it to an exhibit cover sheet OR place an exhibit label on the reverse side, lower right-hand corner.

5.      Large or bulky items may require the use of tie tags with the exhibit label placed on the tag or may be marked in a logical location on the item or on the plastic bag containing the item.

6.      Large charts should be identified in the lower right-hand corner with an exhibit

- 8 -

label.  If the item is an enlargement of another marked exhibit, it should be numbered as a sub-part of the smaller exhibit.

NUMBERING

1.    Blocks of numbers are assigned to each side:   plaintiff starts with number 1 through the estimated number of exhibits.  Defendant is to utilize numbers starting after plaintiff but allowing space for additional exhibits marked during trial.  (Example: Plaintiff 1 - 80; Defendant 100- ).  Exhibit numbers not used will be noted by the clerk on the exhibit list.  **Failure to comply with this directive will result in exhibits being remarked by counsel.**

2.    Plaintiff and defendant shall consult with one another prior to marking exhibits to **avoid marking duplicates**.  If plaintiff marks a document, the defendant should not mark the same document.  The exhibits are considered court exhibits, not plaintiff and defendant.  Either side may move the other's exhibits into evidence.

3.    Use NUMBERS ONLY except when identifying sub-parts (e.g. 3a, 3b, 3c).  If the sub-parts will be more than a through z for a single exhibit, do not use double letters; instead commence with another number (e.g. 3x, 3y, 3z, 4a, 4b, 4c, etc. or 3-1, 3-2, 3-3, etc.).  It is very difficult for the court, counsel/parties, clerk  and court reporter to ask for or listen to exhibits 1aa - 1eeee. Categorizing exhibits should be kept as simple and clear as possible.  For the most part, USE NUMBERS.

4.    Multiple page exhibits should be stapled or ACCO fastened; please do not use paper or binder clips or rubber bands.  **If submitted in this fashion, exhibits will be returned to counsel to be re-submitted stapled or with ACCO fasteners.**   Regarding bulky documents, BATES stamp numbers may be placed on each page and can be continuously numbered for easy reference.

5.    Blocks of numbers may be used to categorize exhibits (e.g. series 1-99 are bank records; series 100-199 are tax returns; series 200-299 are photographs; etc.)

USE OF FOLDERS

1.    Place exhibits loose in folders so that the exhibits may be pulled out of the folder during trial.  DO NOT attach the exhibit to the file folder.  Label the top of the folder to identify the exhibit.  Provide extra folders to the courtroom deputy for exhibits marked during trial.

2.    Place the exhibit folders in a box in numerical order.  Mark the outside of the box as to what exhibits are contained therein.  Leave room in the box for any extra exhibits that may be submitted during trial.

3.    DO NOT place trial exhibits in binders except when the binder is considered ONE exhibit.  Mark the binder with an exhibit label in the lower right-hand corner.

4.    **A courtesy copy of the exhibits should be prepared for the Judge**.  Place these exhibits in three-ring binders with numbered tabs to correspond with exhibit numbers.  The Judge's copies should NOT have original exhibit covers sheets on them.

## EXHIBIT LISTS

1.  Exhibits may be listed on the exhibit list provided or the exhibit worksheet reproduced on a word processor (Word Perfect 9.0 compatible) using the same format.   The form is self-explanatory.  Be sure and leave enough SPACE to add additional information, such as sub-parts and additional exhibits.

2.  Provide the courtroom deputy clerk with the original and two (2) copies of the exhibit list the morning of trial or as otherwise directed.  **Counsel are not to provide the courtroom deputy with the Pretrial Order (civil cases) in lieu of the exhibit list.**

## WITNESS LISTS

1.  Witnesses may be listed on the witness list provided or the witness list reproduced on a word processor (Word Perfect 9.0 compatible) using the same format. Provide the full name of each witness and list them in alphabetical order.   Names should be at the top of the block and extra spaces provided at the end of the list. This is helpful when names have to be added that are not on the list.  **Counsel are not to provide the courtroom deputy with the Pretrial Order (civil cases) in lieu of the witness list.**

2.  Provide the courtroom deputy with the original and two (2) copies of the witness list the morning of trial or as otherwise directed.

## SENSITIVE EXHIBITS

1.  The courtroom deputy clerk will NOT take custody of any sensitive exhibits. During lengthy breaks and at close of the day, these exhibits are returned to the government (usually the agent) until court resumes.  Pursuant to General Order 160 dated July 30, 1987,

> "the arresting or investigative agency or designated representative shall retain custody of sensitive exhibits prior to, throughout, and after the trial.  Sensitive exhibits shall include drugs and drug paraphernalia, guns and other weapons, money and any other exhibits designated as sensitive by the court."

## IMPEACHMENT EXHIBITS

1.  Impeachment exhibits are given to the courtroom deputy **the first day of trial**, (unless other arrangements are made) in a SEALED envelope.  The envelope should be marked with the caption of the case, case number  and shall identify the party presenting the exhibit.  If there is more than one exhibit in the envelope, mark each one with a SEPARATE NUMBER so you (and the clerk) will be able to identify it.  Identify these exhibits with a numbering system of your own for easy retrieval.   Prepare an impeachment exhibit list for the courtroom deputy (on the accepted format)  and a courtesy copy for the Court. The courtroom deputy will assign the next available number when the exhibit is used during trial.

2.  Provide an extra copy of impeachment exhibits in a sealed envelope as a courtesy copy for the Court with accompanying exhibit list.

## STIPULATED EXHIBITS

1.  In civil trials, parties may agree on most of the exhibits prior to trial and as listed in the Pretrial Order.  Counsel may give the courtroom deputy clerk a list

- 10 -

of the stipulated exhibits to be marked in evidence before moving for their admission on the record.  For example, stipulated exhibits 1-28, 31, 45-50, etc. The clerk will then mark those exhibits and the exhibit list as 'admitted into evidence."

In criminal trials, stipulated exhibits usually come in one at a time during the course of trial.

DEPOSITIONS
1.      Depositions ARE NOT to be marked as exhibits.  Identify them by party (so they can be returned to the correct party after trial), place them in alphabetical order and give them to the courtroom deputy the morning of trial.

MEDICAL OR TECHNICAL TERMS
1.      Provide a list of medical or technical terms (in alphabetical order) for the court reporter prior to trial commencing (please refer to page 1, paragraph 4).

RETURN OF EXHIBITS
1.      Pursuant to Local Rule Civil 79.1(a), all exhibits are returned to respective parties for them to keep custody pending all appeals.  If the exhibits are not picked up within thirty (30) days of the Notice of Return of Exhibits, Local Rule 79.1(c), the clerk may destroy or otherwise dispose of those exhibits.

2.      Usually trial exhibits are handed immediately back to the respective counsel by the courtroom deputy at the conclusion of trial.  When the case is taken under advisement and a verdict or court ruling issues at a later date, a separate order will follow directing counsel to retrieve the exhibits from the courtroom deputy.

If you have any questions, or need additional exhibit labels, please do not hesitate to call or e-mail me.

Teddy Bengtson
Courtroom Deputy Clerk  for U.S. District Judge James A. Teilborg
602-322-7231
teddy_bengtson@azd.uscourts.gov

Sample exhibit and witness lists and exhibit tags are attached.   On the exhibit worksheet and witness lists modify forms to reflect the correct title (criminal or civil) and the case number (CR or CV).

1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

2

3

**CRIMINAL/CIVIL EXHIBIT LIST**

___ Preliminary Injunction ___ TRO ___ Non-Jury Trial ___ Jury

4
Trial

5

Case Number <u>CR (CV)</u>   -           -   <u>-JAT</u>   Judge Code<u> 7025 </u>

6

Date _____

7

_____ vs. _____

8

___ Plaintiff/Petitioner         ____ Defendant/Respondent

9

| EXHIBIT NUMBER | MARKED FOR IDENTIFICATION | ADMITTED IN EVIDENCE | DESCRIPTION |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF ARIZONA**

3

**CRIMINAL/CIVIL WITNESS LIST**

4

___ **Preliminary Injunction** ___ **TRO** _____ **Non-Jury Trial** ___ **Jury Trial**

5

**Case Number** **CR (CV)** - ___ - ___ **-JAT** **Judge Code 7025**

6

**Date** _____

7

_____ vs. _____

8

___ Plaintiff/Petitioner                    ___ Defendant/Respondent

9

10

| NAME | SWORN | APPEARED |
|------|-------|----------|
|      |       |          |
|      |       |          |
|      |       |          |
|      |       |          |
|      |       |          |
|      |       |          |
|      |       |          |
|      |       |          |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO. _____

_____

VS. _____

PLAINTIFF'S EXHIBIT _____

DATE: _____

IDEN.

DATE: _____

EVID.

  BY: _____
                Deputy Clerk

- 14 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16        CASE NO. _____

17        _____

          VS. _____
18        DEFENDANT'S EXHIBIT _____

19        DATE: _____

20        IDEN.
          DATE: _____
21        EVID.

22           BY: _____
                       Deputy Clerk
23

24

25

26

27                           - 15 -

28

1

2

3

4

5

6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9   ❖,                                              )   CV-❖-❖ PHX/PCT-JAT
                                                    )
10              Plaintiff(s),                        )
                                                    )
11     v.                                            )   **[PROPOSED] FINAL PRETRIAL**
                                                    )   **FORM OF ORDER**
12   ❖,                                              )
                                                    )
13              Defendant(s).                        )
                                                    )
14  _____               )

15          The following is the **joint** Final Pretrial Order considered at the Final Pretrial

16  Conference on ❖ **at** ❖ .

17          **A.      COUNSEL FOR THE PARTIES**

18          Include the mailing addresses, e-mail addresses, and office phone and fax

19  numbers.

20          Plaintiff(s):

21          Defendant(s):

22          **B.      STATEMENT OF JURISDICTION**.

23                **1.**      Cite the statute(s) which gives this Court jurisdiction.  (E.g.,

24  Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C.

25  §1332.)

26                **2.**      State whether jurisdiction (is) (is not) disputed.  (If jurisdiction is

27                                              - 1 -

28

1  disputed, the party contesting jurisdiction shall set forth with specificity the bases for

2  the objection.)

3  **C.     STIPULATIONS AND UNCONTESTED FACTS AND LAW**

4       [Statements shall not be in the form of a question, but shall be a concise narrative

5  statement of each party's contention as to each uncontested and contested issue.]

6       **1.**     The following facts are admitted by the parties and require no

7  proof:

8       **2.**     The following facts, although not admitted, will not be contested at

9  trial by evidence to the contrary:

10      **3.**     The following issues of law are uncontested and stipulated to by

11 the parties:

12 **D.     CONTESTED ISSUES OF FACT AND LAW**

13      [Statements shall not be in the form of a question, but shall be a concise narrative

14 statement of each party's contention as to each uncontested and contested issue.]

15      **1.**     The following are the issues of fact to be tried and decided:  (Each

16 issue of fact must be stated separately and in specific terms.  Each party's contention

17 must be set forth with respect to each and every issue of fact.  E.g.,

18      Issue # 1:  Whether Plaintiff used due care.

19      Plaintiff Contends:  Plaintiff looked both ways before stepping into the street . . .

20      Defendant Contends:  Plaintiff was chasing a ball and darted out into the street

21      without looking . . . .)

22      **2.**     The following are the issues of law to be tried and determined:

23 (Each issue of law must be stated separately in specific terms.  Each party's contention

24 must be set forth with respect to each and every issue of law.  E.g.,

25      Issue # 1:  Whether Plaintiff's suit is barred by the doctrine of laches.

26      Plaintiff Contends: . . .

27

28

1    Defendant Contends: . . .

2        (As to any issue of law, a party may file a short trial brief [not to exceed five

3    pages] on such issue contemporaneously with the filing of the Proposed Final Pretrial

4    Order.))

5        **E.    LIST OF WITNESSES**

6        Each party shall **<u>separately</u>** list the names of witnesses, their respective

7    addresses, whether a fact or expert witness, and a brief statement as to the testimony of

8    each witness. The witnesses shall be grouped as follows:

9    (1) witnesses who <u>shall</u> be called at trial;

10   (2) witnesses who <u>may</u> be called at trial; and

11   (3) witnesses who are <u>unlikely</u> to be called at trial.

12   Additionally, the parties shall include the following text in this section of the Proposed

13   Final Pretrial Order: "Each party understands that it is responsible for ensuring that the

14   witnesses it wishes to call to testify are subpoenaed.  Each party further understands that

15   any witness a party wishes call shall be listed on that party's list of witnesses above and

16   that party cannot rely on that witness having been listed or subpoenaed by another

17   party."

18       **F.    LIST OF EXHIBITS**

19           **1.**    The following exhibits are admissible in evidence and may be

20   marked in evidence by the Clerk:

21                   **a.**    <u>Plaintiff's Exhibits</u>:

22                   **b.**    <u>Defendant's Exhibits</u>:

23           **2.**    As to the following exhibits, the parties have reached the following

24   stipulations:

25                   **a.**    <u>Plaintiff's Exhibits</u>:

26                   **b.**    <u>Defendant's Exhibits</u>:

27                           - 3 -

28

1       **3.**     As to the following exhibits, the party against whom the exhibit is

2  to be offered objects to the admission of the exhibit and offers the objection (legal

3  objection stated in few words – **no narrative**) stated below:

4       **a.**     <u>Plaintiff's Exhibits</u>:  (E.g., City Hospital records of Plaintiff

5  from March 6, 1985 through March 22, 1985. Defendant objects for lack of foundation

6  because . . . . (the objection must specify why there is a lack of foundation.))

7       **b.**     <u>Defendant's Exhibits</u>:  (E.g., Payroll records of Plaintiff's

8  employer which evidences payment of Plaintiff's salary during hospitalization and

9  recovery. Plaintiff objects on grounds of relevance and materiality because (the

10  objection must specify why the exhibit is not relevant or material.))

11       **4.**     The parties shall include the following text in this section of the

12  Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this **joint**

13  Proposed Final Pretrial Order that any objections not specifically raised herein are

14  waived."

15       **G.**    **DEPOSITIONS TO BE OFFERED**

16       The parties shall list the depositions that may be used at trial.  The portions to be

17  read at trial shall be identified by page and line number.  Counter-designations (if any)

18  to proposed deposition testimony shall also be listed in this section.  Additionally, the

19  party offering the deposition shall provide the Court with a copy of the offered

20  deposition testimony.  The offering party shall highlight, in color, the portions of the

21  deposition to be offered.  If multiple parties are offering the same deposition, only one

22  copy of such deposition shall be provided.  Such copy shall contain each party's

23  highlighting (each party should use a different color).[6]

24

25

       [6] The marked depositions are due the morning of trial with the Judge's copy of the

26  exhibits.

28

1    The parties shall include the following text in this section of the **joint** Proposed
2  Final Pretrial Order:  "Each party hereby acknowledges by signing this **joint** Proposed
3  Final Pretrial Order that any deposition not listed as provided herein will not be
4  allowed, absent good cause."[7]

5    **H.    MOTIONS IN LIMINE (JURY TRIAL)**

6    Motions in limine shall be filed as **separate** pleadings and responded to in
7  accordance with the instructions contained in the Order Setting Final Pretrial
8  Conference.

9    **I.    LIST OF PENDING MOTIONS**

10   (Other than the separately filed Motions in Limine.)

11   **J.    ESTIMATED LENGTH OF TRIAL**

12   3   hours - Jury selection (if applicable)

13   __ hours - Opening statements

14   __ hours - Plaintiff's case (including rebuttal, if any)

15   __ hours - Defendant's case

16   __ hours - Closing arguments

17   __ hours - Total.

18   **K.    PROPOSED TRIAL DATES**

19   _____

20   _____

21   [The parties shall propose at least two trial dates within 120 days of the final
22  pretrial conference.  Because Monday is the Court's law and motion day, no proposed
23  start date should be a Monday, and the parties should not anticipate having trial on

24

25  _____

26   [7] The deposition requirements do not apply to depositions that will be used solely for
impeachment purposes.

27                                        - 5 -

28

1  Mondays.]

2  **L.  JURY DEMAND**

3  State whether a jury trial has or has not been requested.  If a jury trial was

4  requested, indicate the appropriate selection:

5  **1.**  The parties stipulate that the request was timely and properly

6  made;

7  **2.**  The (Plaintiff or Defendant) contends that the request was untimely

8  made because . . . (explain why request was untimely); or

9  **3.**  The (Plaintiff or Defendant) contends that although the request for

10  trial by jury was timely, the request is otherwise improper as a matter of law because . . .

11  (indicate the legal basis for why a jury trial is improper).

12  **For a Bench Trial**

13  **M-1.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

14  Proposed Findings of Fact and Conclusions of Law shall be **<u>lodged</u>** by each party

15  as a **<u>separate</u>** pleading in accordance with the instructions contained in the Order Setting

16  Final Pretrial Conference.  The parties shall include the following text in this section of the

17  Proposed Final Pretrial Order:  "The separately lodged Proposed Findings of Fact and

18  Conclusions of Law are incorporated by reference into this **<u>joint</u>** Proposed Final Pretrial

19  Order."

20  **For a Jury Trial**

21  **M-2.  <u>JOINT</u> PROPOSED JURY INSTRUCTIONS, <u>JOINT</u> PROPOSED
      VOIR DIRE QUESTIONS, AND PROPOSED FORMS OF VERDICT**

22

23  The **<u>joint</u>** Proposed Jury Instructions, **<u>joint</u>** Proposed Voir Dire Questions, and

24  Proposed Forms of Verdict shall be filed as **<u>separate</u>** pleadings in accordance with the

25  instructions contained in the Order Setting Final Pretrial Conference. The parties shall

26  include the following text in this section of the Proposed Final Pretrial Order:

27  - 6 -

28

"The separately filed **joint** Proposed Jury Instructions, **joint** Proposed Voir Dire Questions, and Proposed Forms of Verdict are incorporated by reference into this **joint** Proposed Final Pretrial Order."

### N.    CERTIFICATIONS

The parties shall include the following text in this section of the Proposed Final Pretrial Order: "The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

**1.**    All discovery has been completed.

**2.**    The identity of each witness has been disclosed to opposing counsel.

**3.**    Each exhibit listed herein:  (1) is in existence; (2) is numbered; and (3) has been disclosed and shown to opposing counsel.

**4.**    The parties have complied **in all respects** with the mandates of the Court's Rule 16 Scheduling Order and Order Setting Final Pretrial Conference.

**5.**    The parties have made all of the disclosures required by the Federal Rules of Civil Procedure.  (Unless otherwise previously ordered to the contrary.)

**6.**    The parties acknowledge that once this **joint** Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court.

- 7 -

1    **APPROVED AS TO FORM AND CONTENT:**

2

3    _____        _____
     Attorney for Plaintiff(s)                      Attorney for Defendant(s)
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                      - 8 -

28

1    Based on the foregoing,

2    **IT IS ORDERED** that this Proposed Final Pretrial Order jointly submitted by the

3    parties is hereby **APPROVED** and **ADOPTED** as the official Pretrial Order of this Court.

4    DATED this ___ day of _____, 2010.

5

6    _____
                              James A. Teilborg
7                        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                - 9 -

28