Richard S. Cohen (State Bar #004746)
Stephanie M. Cerasano (State Bar #017171)
**JACKSON LEWIS LLP**
2390 East Camelback Road, Suite 305
Phoenix, AZ 85016
Tel. (602) 714-7044
Fax (602) 714-7045
cohenr@jacksonlewis.com
cerasanos@jacksonlewis.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Joan G. Uhl,<br><br>                    Plaintiff,<br><br>vs.<br><br>Lake Havasu City, a municipal corporation and body politic; Maureen Rose George and Dennis Vaughan, wife and husband,<br><br>                    Defendants | Case No. CV06-1084-PHX-JAT<br><br>**DEFENDANTS' MOTION IN LIMINE #1 TO EXCLUDE EVIDENCE OF OUTCOME OF BAR COMPLAINT**<br><br>**(Oral Argument Requested)** |

Pursuant to Federal Rules of Evidence 402 and 403, Defendants move the Court for an order excluding from trial any documentary or testimonial evidence regarding the outcome of the bar complaint filed against Plaintiff by Maureen George.

**FACTUAL BACKGROUND**

On October 7, 2004, Maureen George, the City Attorney for Lake Havasu City (the "City), terminated Plaintiff's employment based in part on her belief that Plaintiff, as the City Prosecutor, had acted unethically in handling a potential criminal matter involving a member of the City Council. The following day, George made a written report to the State Bar of Arizona regarding Plaintiff's conduct, stating, "I believe it is incumbent upon me to report a possible ethics violation."

On or about November 16, 2004, a Staff Attorney for the State Bar sent George a letter which acknowledged receipt of her complaint, and provided the following

1

explanation regarding the standard of proof relating to his investigation into her report:

> At the conclusion of the preliminary investigation, I will summarize the case and present it for review by all bar counsel. If, after this review, a determination is made that no ethical violation can be proven by clear and convincing evidence, the charge will be dismissed and you will be notified.

More than five months later, on March 15, 2005, the State Bar made the following determination: "Pursuant to Rule 54(b), Ariz.R.S.Ct., the complaint filed against [Plaintiff] by Ms. Maureen George, Lake Havasu City Attorney, have [sic] been investigated; and, upon review by bar counsel, this complaint is dismissed."

Notwithstanding the dismissal, the State Bar admonished Plaintiff as follows:

> *In the instant complaint the facts suggest that you should have been more alert to a potential conflict of interest. Your attention is directed to Ethical Rule 1.7, comment [1], Ariz.R.S.Ct, which reads in part: "Loyalty and independent judgment are essential elements in the lawyer's relationship to a client. Concurrent conflicts of interest can arise from the lawyer's responsibilities to another client, a former client or a third person or from the lawyer's own interest." See also, ER 1.7, comment [8], Ariz.R.S.Ct. In this regard you may find it helpful to view the State Bar video seminar, "10 Deadly Sins of Conflict."*

Defendants anticipate that Plaintiff will seek to introduce evidence of the outcome of the bar complaint in an attempt to show that because the State Bar took no disciplinary action, the City Attorney's explanation for her decision to terminate is pretext for unlawful retaliation. Such evidence should be excluded on the grounds that (1) it has no probative value; and (2) any alleged probative value is significantly outweighed by the risk of unfair prejudice to Defendants.

## **ARGUMENT**

The State Bar's determination is not probative of whether Plaintiff was terminated for exercising her First Amendment rights. As the District of Arizona has noted, "'[t]he focus of a pretext inquiry is whether the employer's stated reason was

honest, not whether it was accurate, wise, or well-considered.'" *Green v. Maricopa County Cmty. Coll. Sch. Dist.*, 265 F. Supp. 2d 1110, 1128 (D. Ariz. 2003) (*quoting Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir. 2000)); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) ("In judging whether [the employer's] proffered justifications were 'false,' it is not important whether they were objectively false (e.g., whether [the plaintiff] actually lied). Rather, courts only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless.") (internal quotation marks omitted).

In this case, the State Bar, at most, merely concluded that an ethical violation could not be established by *clear and convincing evidence*.[1] Even if the State Bar's decision not to take disciplinary action may be marginally probative of whether George was incorrect in believing that Plaintiff's conduct violated her ethical obligations, under the standard articulated in *Villiarimo* and *Green*, a mistaken belief is not probative of an unlawful motive. As such, the determination should be excluded at trial.[2]

The State Bar's determination is also irrelevant because it post-dated Plaintiff's termination by more than five months, and thus cannot probative of Ms. George's motive at the time that the actual decision was made. Simply put, this is not a situation in which the City Attorney ignored the actions of the State Bar when she made her

---

[1] As with a prosecutor's decision not to prosecute a matter, the State Bar may have decided not to pursue a disciplinary action against Plaintiff for a number of different reasons, including the severity or nature of the offense, the standard of proof, a consideration of the best use of its manpower, or even an assessment of evidence that the City Attorney did not have five months earlier.

[2] If the State Bar had concluded that Ms. George's complaint was frivolous (which it did not), then the determination might be relevant as evidence of pretext. In fact, despite dismissing the complaint, the State Bar saw fit to admonish Plaintiff regarding her ethical responsibilities, expressly stating that she "should have been more alert to a potential conflict of interest," and suggesting that she view a video seminar on conflicts of interest. As further evidence that Ms. George's complaint was made in good faith, she relied on the independent guidance of the City of Peoria City Attorney, Steve Kemp, who was a member of the Rules of Professional Conduct Committee.

termination decision.

Finally, the State Bar's determination is properly excludable under Rule 403 of the Federal Rules of Evidence.  Here, there is a substantial risk that the jury will give undue weight to the status of the State Bar as the entity responsible for regulating the legal profession. *Accord Kirby v. J.C. Penney Corp.*, 2009 U.S. Dist. LEXIS 99160, 5-7 (W.D. Pa. Oct. 26, 2009) ("Even assuming, arguendo, the Dismissal and Notice of Rights had marginal probative value, any such value would be considerably outweighed by a number of concerns. This document originates from an authoritative government agency, and speaks in terms of an undefined adjudicative process culminating in a conclusory 'determination' that the evidence presented to the EEOC did not establish a violation.  A jury could easily confuse the meaning of the document as suggestive of the jury's ultimate legal question."). This risk is particularly acute given the fact that the State Bar merely concluded that a violation was not established by *clear and convincing evidence*.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this motion in limine and exclude any evidence of the State Bar's determination regarding Maureen George's complaint against Joan Uhl.

RESPECTFULLY SUBMITTED this 25th day of February 2010.

**JACKSON LEWIS LLP**

By:   /s/ Richard S. Cohen
        Richard S. Cohen
        Stephanie M. Cerasano
     Attorneys for Defendants

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 25th, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Tod F. Schleier
**SCHLEIER LAW OFFICES, P.C.**
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012
Phone:  602-277-0157
Fax:  602-230-9250


/s/ Valerie Armstrong