Richard S. Cohen (State Bar #004746)
Stephanie M. Cerasano (State Bar #017171)
**JACKSON LEWIS LLP**
2390 East Camelback Road, Suite 305
Phoenix, AZ 85016
Tel. (602) 714-7044
Fax (602) 714-7045
cohenr@jacksonlewis.com
cerasanos@jacksonlewis.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Joan G. Uhl,<br><br>                    Plaintiff,<br><br>vs.<br><br>Lake Havasu City, a municipal corporation and body politic; Maureen Rose George and Dennis Vaughan, wife and husband,<br><br>                    Defendants | Case No. CV06-1084-PHX-JAT<br><br>**DEFENDANTS' MOTION IN LIMINE #3 TO EXCLUDE EVIDENCE MAUREEN GEORGE ALLEGEDLY MISUSED A CITY CREDIT CARD**<br><br>**(Oral Argument Requested)** |

Pursuant to Federal Rules of Evidence 402 and 403, Defendants move the Court for an order excluding any documentary or testimonial evidence of Maureen George's alleged misuse of a Lake Havasu City credit card.

On October 7, 2004, George, the City Attorney for Lake Havasu City (the "City), terminated Plaintiff's employment following an investigation by an independent Human Resources Consultant into citizen complaints against the Plaintiff, who was the City Prosecutor at the time, and Plaintiff's actions relating to a member of the City Council who had been involved in an altercation.

Thereafter, Plaintiff brought this action alleging that she was terminated in retaliation for engaging in protected speech under the First Amendment. In part, Plaintiff contends that George, who served as her supervisor, retaliated against her for allegedly telling her that the City's then-Finance Director, Mike Ashley, was misusing

1

his City Credit.

Following her termination, Plaintiff contacted the City and alleged that George had also misused her credit card – an issue that she never raised during her employment. As a result, the Police Department conducted an investigation but never made any finding that George's credit card usage was inappropriate and no disciplinary action was ever taken against George for misusing her credit card.

Nonetheless, it appears that Plaintiff is now seeking to introduce evidence that George misused a City credit card – an allegation that Plaintiff herself instigated – to support an attenuated theory regarding the basis for her termination. Piling speculation upon speculation, Plaintiff now suggests that Ms. George terminated her employment to prevent any investigation into Ashley's credit card misuse because she feared that an investigation might potentially expand in scope and ultimately reveal her own purported misconduct.

Plaintiff's far-fetched theory is severely flawed for a variety of reasons. First, Plaintiff allegedly reported Ashley's credit card misuse to George as early as 2003, yet Plaintiff was not terminated until October 2004 – a significant gap in time that undermines her convoluted theory. [*See* ¶¶ SOF 1, 15[1]] Second, it is undisputed that by the time of Plaintiff's termination, George, as City Attorney had reported Ashley's conduct to several different City Managers. [SOF 20] In fact, City Manager Lloyd Harrell disciplined Ashley for his credit card usage on March 11, 2004 – more than six months prior to Plaintiff's termination. This fact alone is entirely inconsistent with Plaintiff's speculative argument. Third, it requires a bizarre twist of logic to conclude that an employee can be silenced through termination. To the contrary, disgruntled former employees tend to be a prime source of complaints, as was the case with Plaintiff's allegations against George.

---

[1] SOF refers to Defendants' Statement of Facts in Support of Summary Judgment [Dkt. 45]

All of the above facts are not simply evidence for the jury to consider.  Rather they highlight the fact that Plaintiff's theory is based on nothing more than speculation.  Thus, any evidence of George's alleged credit card misuse should be excluded based on lack of probative value.

Finally, the evidence should also be excluded under Rule 403 because even if it had any probative value, that value would be substantially outweighed by the risk of unfair prejudice or confusion of the issues because the relevant issue here is not whether George ever misused her City credit card, but rather whether Plaintiff was terminated for exercising her First Amendment rights.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this motion in limine and exclude any evidence or argument of alleged misuse of a City credit card by Maureen George.

RESPECTFULLY SUBMITTED this 25th day of February 2010.

**JACKSON LEWIS LLP**

By: /s/ Richard S. Cohen
Richard S. Cohen
Stephanie M. Cerasano
Attorneys for Defendants

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 25th, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Tod F. Schleier
**SCHLEIER LAW OFFICES, P.C.**
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012
Phone:  602-277-0157
Fax:  602-230-9250


/s/ Valerie Armstrong